Philip A. Kramer, SBN # 113969
Michael Lebow, SBN # 274497
KRAMER & KASLOW
23901 Calabasas Road, Suite 2010
Calabasas, California 91302
Tel: (818) 224-3900
Email: Philipkramer@kramer-kaslow.com,
mlebow@kramer-kaslow.com

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARQUETTE, an individual; MARIA G ANZALDO, an individual; GUILLERMO ANZALDO, an individual; ARTEMO B. ROQUE, JR., an individual; PEDRO HERNANDEZ, an individual; GABRIELA HERNANDEZ, an individual; JERRY HERNANDEZ, an individual; DAT THANH NGO, an individual; ZAVEN ZARDARAYAN, an individual; DANA HORITA, an individual; KEVIN R. WESTOVER, an individual; KATHERINE WESTOVER, an individual; ANNE SIMINUK, an individual; JOSEPH FRANKOWIAK, an individual; RICHARD STEVENS, an individual; GLENN GERARD, an individual; ROBERT MEDEROS, an individual; SEGUNDO TACOAMAN, an individual; CHRISTINA HAYS, an individual; ANDREW MASSINGILL, an individual; GEORGE MARTINEZ, an individual; ZACHARY ENGLEDOW, an individual; LENIN PATINO, an individual; YUREK SIEMIATOWSKI, an individual; ROBERT WHITMORE, an individual; FIONA WHITMORE, an individual; DAVID DRAGANOVSKI, an individual; GUADALUPE VALENZUELA, an individual; MARISA TAME, an individual; CSABA KISS, an individual; HASSAN ALAEDDINE, an individual; KEVIN | Case No.: 2:11-CV-04115-R (VNKx) *LASC, Case No.: BC452266* Assigned to: Hon. Manuel L. Real  **ORDER ON MOTION FOR REMAND**  Action Heard: July 18, 2011 Action Filed: December 30, 2010 Trial Date: None Set |

---

**PLAINTIFFS' NOTICE OF PROPOSED ORDER AND PROPOSED ORDER ON MOTION FOR REMAND**

| | |
|---|---|
| MOORE, an individual; CAROL SEVERANCE, an individual; CARLOS GRIFFITH, an individual; HANNAH HEART, an individual; DENIS HERNANDEZ, an individual; MARK PITTSENBARGER, an individual; DOUG RICH, an individual; HARTSELL D. THOMAS, an individual; JUDITH MONTELEONE, an individual; SHIRLISA EDWARDS, an individual; ALAN BURCIA, an individual; KARA DUFFY, an individual; MOISES SANCHEZ, an individual; WILLIAM SULLIVAN, an individual; MERY MARBUN, an individual; VENDORA HAWKINS, an individual; JOAQUIN HAWKINS, an individual; STEVE BARRAZA, an individual; CLAUDELLE FAUSTIN, an individual; DARRYL HUNT, an individual; GEORGE MARTINEZ, an individual; ANTONIO TAME, an individual; SIMON MORZIANO, an individual; MAYRA CAZARES, an individual; SONCERIA MORRIS, an individual; MICHELLE MACDONALD, an individual; MARIO JIMINEZ, an individual; MARGARITO PEREZ, an individual; HUGH M. COLLINS, an individual; CANDIDA SANTANA, an individual; GERMAN TORRES, an individual; MAHAMALAGE FERNANDO, an individual; ROSE JACQUES, an individual; GARY RIMARCIK, an individual; EDUARDO CRUZ, an individual; VICTOR LOPEZ, an individual; TURKER ERGUN, an individual; ERNEST MAYS, an individual; MIGUEL JUAREZ, an individual; LELAND LYNK, an individual; FILBERTO PEREZ, an individual; LAURA CAMPOS, an individual; MARIA LEVIN, an individual; DAVID IOVINO, an individual; ROBERT STERNER, an individual; ALBERT MORA, an individual; SERGIO BECERRA, an individual; LISA MCKAY, an individual; WILLIAM KILLHEFFER, an individual; THOMAS JARRETT, an individual; MIGNON WARREN, an individual; THOMAS TRIBBLE, an individual; JOHNNY VILELA, an individual; FAZANEH FATA, an individual; PABLO RESENDIZ, an individual; THERON COOK, an individual; | |

**PLAINTIFFS' NOTICE OF PROPOSED ORDER AND PROPOSED ORDER ON MOTION FOR REMAND**

| | |
|---|---|
| JACOB HARLOW, an individual; GERARD OGNIBENE, an individual; GREGORY CANNAN, an individual; JOSE MONTES, an individual; AGUILAR ADOLFO, an individual; GILBERTO CALDERON, an individual; ERIC JOHNSON, an individual; CARL POLIZZI, an individual; LOISE MUTHONI KAGIRI, an individual; ANNETTE GOMEZ, an individual; ROSELINE D'HATI, an individual; DAWN HARRIS-DEPAOLO, an individual; JULIA ADAMS, an individual; RONALD WEAKLY, an individual; THOMAS PROUT, an individual; WALLACE BUTLER, an individual; AIDA MCARTHUR, an individual; JULIA ADAMS, an individual; ANDREA CHANCELLOR, an individual; JOHN BOWERS, an individual; MICHELE ST. PIERRE, an individual; JEFFREY EVANS, an individual; ARCHIBALD SMITH, an individual; JOSE SILVA, an individual; JASBINDER BRAR, an individual; VIOLA HENRY, an individual; PAMELA HARRISON, an individual; DOMINICK COVIELLO, an individual; MELBA FORD, an individual; ERROL LAWRENCE, an individual; GEORGE HERBST, an individual; ROBERT HALE, an individual; RONNIE TAYLOR, an individual; JET VILLAVICENCIO, an individual; LARA POWERS, an individual; FADI AWED, an individual; KALUNGI ASKIA, an individual; CLIFFORD GEWAKE, an individual; CHERYL SILVEIRA, an individual; JUDITH MUSSELMAN, an individual; STEVE GUZZETTA, an individual; CRAIG KOROTKO, an individual; MONIQUE MCCLOSKEY, an individual; LUIS TERRIQUEZ, an individual; CARL REYNOLDS, an individual; KRISTEN CLASSENS, an individual; SHARON SCHAEFFER, an individual; MICHAEL LINDER, an individual; IRMINIA FLORES, an individual; JOHN GRAZIANO, an individual;  and others similarly situated named herein as ROES 1 through 10,000, inclusive, | |

**PLAINTIFFS' NOTICE OF PROPOSED ORDER AND PROPOSED ORDER ON MOTION FOR REMAND**

|   |   |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>ONEWEST BANK GROUP LLC, a limited liability company; ONEWEST BANK, FSB, a Delaware corporation; SCOTT VAN DELLEN, an individual; RICHARD KOON, an individual; NDEX WEST, LLC, a Limited Liability Company; LPS DEFAULT & TITLE CLOSING, a business entity, form unknown; PRIORITY POSTING & PUBLICATION, a California corporation; and DOES 1 through 1000, inclusive,<br><br>Defendants |   |

TO THIS HONORABLE COURT AND TO ALL PARTIES:

Plaintiffs hereby submit the attached Proposed Order on Plaintiffs' Motion for Remand which came before this Court for hearing on July 18, 2011 at 10:00 a.m.

Plaintiffs' Motion to Remand came on for hearing before this Court on July 18, 2011. After consideration of the briefs and arguments of counsel, and all other matters presented the Court rules as follows:

If a compliant alleges only state law claims and lacks a federal question on its face, then the Court must grant the motion to remand. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Nonetheless, there are rare exceptions when a well-pleaded state law cause of action will be deemed to arise under federal law and support removal. They are, one, where federal law arises under federal law -- where federal law completely preempts state law; two, where the claim is necessarily federal in character; or, three, where the right to relief depends upon the resolution of a substantial disputed federal question. *Arco Environmental Remediation L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000). Moreover, when a claim can be supported by alternative and independent theories, one of which is a state law theory and one of which is a federal law theory, federal question jurisdiction does not attach because federal law is not a necessary element of the claim. *Rains v. Criterion Systems Inc.*, 80 7 F.3d 339 (1996).

An overwhelming amount of federal courts find that when a party claims to be a third-party beneficiary under a contract where the government is a named party, then federal jurisdiction exists. See *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237 (9th Cir. 2009). However, Defendants fail to address the fact that Plaintiffs include alleged violations other than TARP in the Complaint for breach of contract. Defendants cannot beat the presumption that alternative and independent grounds exist for denying federal jurisdiction under plaintiffs' sixth cause of action. As such, the sixth cause of action does not arise under federal law as plaintiffs' right to relief does not necessarily depend upon the resolution of a substantial question of federal law.

Plaintiffs' references to federal statutes in their UCL claim do not result in the attachment of federal question jurisdiction. The section 17200 claim is also supported by state law theories of liability such as California Civil Code section 2923.5, fraudulent concealment, material

misstatements, and false disclosures.  Thus, the claim is not necessarily federal in character. Rather, there are alternative and independent theories to support the cause of action, and the plaintiffs' right to relief does not depend upon the resolution of a disputed federal question. *Rains*, 880 F.3d 339.

Finally, California Civil Code section 2923.5 is not completely preempted by federal law. A vast amount of federal courts have held that section 2923.5 preempts HOLA, but they do not address whether HOLA preempts section 2923.5, yet alone the entire field of banking and lending regulations. Moreover, the California Court of Appeals in *Mabry v. Superior Court*, 185 Cal.App.4th 209 (2010) has narrowly interpreted section 2923.5 so as to not conflict with HOLA. The district court in *Shaterian v. Wells Fargo Bank*, 2011 WL 2314151 (N.D. Cal. June 10, 2011) recently discussed how the Ninth Circuit has not ruled on this issue, finding that section 2923.5 is not preempted by federal law. Clearly, there is a split in authority with regards to general preemption, without even getting to analysis of complete preemption. Given that the burden is on the defendants to demonstrate complete preemption, and the general presumption that any doubts as to jurisdiction should result in remand, the Court orders that the case is to be remanded to the originating state superior court. See *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).

Accordingly, the Court concludes that it does not have subject matter jurisdiction over any of the Plaintiffs.  Plaintiffs' Motion to Remand is granted, and this case is remanded in its entirety.

IT IS SO ORDERED.

Dated:  _July 22, 2011_     _____
                             United States District Court Judge